**H1 LAW GROUP**
Jill Garcia, NV Bar No. 7805
jill@h1lawgroup.com
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone   702-608-3720
Fax       702-703-1063

*Attorneys for Plaintiff*
*Christina Jordan*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA JORDAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a Nevada corporation; DEMETRIUS BARNES, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Christina Jordan ("Jordan"), by and through her undersigned counsel, files this Complaint against Defendants Wyndham Vacation Ownership, Inc. ("Wyndham") and Demetrius Barnes ("Barnes") (together, the "Defendants"), and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      This is an action for damage brought by Plaintiff Jordan for unlawful workplace discrimination and harassment based on sex, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and Nevada Revised Statute § 613.330, *et seq.*; for violation of the Family and Medical Leave Act of 1993, 29 U.S.C § 2601 *et seq.* ("FMLA"); and for certain other claims brought pursuant to Nevada law as outlined below.

2.      Plaintiff Jordan is, and was at all relevant times, an individual residing in Nevada.

/ / /



3. Defendant Wyndham is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware, with operations located in Las Vegas, Nevada.

4. Wyndham employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is therefore subject to the provisions of Title VII and the Nevada statutes outlined herein.

5. Wyndham employs 50 or more employees and is an "employer" within the meaning of the FMLA.

6. Defendant Barnes, an individual residing in Nevada, is a Floor Supervisor at Wyndham. At all times referenced herein, Barnes was responsible for the acts described while acting in his capacity as a supervisor for Wyndham.

7. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment or were ratified by Defendants.

8. The names and capacities, whether individual, corporate, associate or otherwise, of Defendants and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names of any and all Doe and Roe defendants as alleged herein and/or after their true names and capacities are ascertained.

9. This Court has primary jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) because Jordan is making claims under Title VII and the FMLA. Additionally, this Court has supplemental jurisdiction over any state law claims pled pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district because all material allegations in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the

/ / /

southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

11. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

12. On or about March 9, 2021, Jordan initiated the process of filing a Charge of Discrimination against her former employer Wyndham, a defendant named in this action with the Nevada Equal Rights Commission, wherein she alleged discrimination and harassment based on sex, as well as alleging retaliation.

13. On or about September 29, 2021, the EEOC issued a Notice of Right to Sue.

14. This action is timely filed pursuant to 42 U.S.C § 2000e-5(f).

15. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with the Court.

**GENERAL ALLEGATIONS**

16. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

*Jordan Is an Outstanding Employee*

17. Jordan possesses more than twenty years of sales experience in the timeshare business.

18. On or about January 4, 2018, Wyndham hired Jordan as a sales representative in its Las Vegas office.

19. Jordan quickly experienced success in her career with Wyndham and became a top sales representative within months of starting her employ, typically earning $15,000 to $20,000 in sales commissions per month.

20. Jordan's success at Wyndham grew further and, from January to June of 2020, Jordan consistently earned approximately $60,000 in sales commissions per month.

/ / /

/ / /

21. Jordan experienced success despite the sexual harassment she was forced to endure regularly by Barnes from approximately May 2019 until October 6, 2020, the date she was wrongfully terminated.

**Barnes Subjects Jordan to Constant Unlawful Sexual Harassment**

22. Barnes, a Floor Supervisor at Wyndham's Las Vegas Office, began working on the same floor as Jordan in approximately May 2019 and had daily contact with Jordan from that time forward.

23. Though not her direct supervisor, Barnes assisted Jordan as a Take-Over Manager in closing deals.

24. Barnes constantly subjected Jordan to unwelcome verbal or physical conduct of a sexual nature in the workplace.

25. Barnes regularly told Jordan that she had a "nice ass" and constantly commented on her look/dress appearance.

26. On one occasion, when Jordan was speaking with other female co-workers, and one co-worker mentioned sausage and eggs for breakfast, Barnes inserted himself into the conversation. He said he wanted Jordan to see his "sausage," referring to his genitals. Barnes also stated that his "sausage" was folded in half, and that "it would grow."

**Barnes Propositions Jordan and She Refuses His Sexual Advances**

27. In or about December 2019, Jordan met up with a co-worker at a local bar after work in a social visit that was not work-related.

28. Barnes was also present at the bar and approached Jordan. He propositioned her to have sex with him. Jordan felt uncomfortable and she refused Barnes' proposition.

29. Despite Jordan's refusal of his proposition, Barnes called Jordan later that same night on her personal cell phone and propositioned her for sex, yet again. Jordan abruptly terminated the phone call.

/ / /

***Barnes Retaliates Against Jordan for
Refusing His Sexual Advances***

30. Angered by Jordan's refusal of his sexual advances, Barnes began to monitor Jordan's calls the following week for the purpose of retaliating against her.

31. While they worked on the same floor, Jordan was not assigned to Barnes' team and, therefore, it was improper for Barnes to monitor Jordan's work in this manner.

32. Barnes reported Jordan to management for allegedly leaving long voicemail messages.

33. Wyndham failed to investigate the veracity of Barnes' claim and unjustifiably disciplined Jordan. Notably, Jordan was the only individual to be written up for this allegedly improper practice.

***Jordan Is Approved for FMLA Leave and
Is Contacted Repeatedly While on Leave***

34. Jordan suffered significant mental and emotional distress due to the hostile work environment at Wyndham.

35. On or around June 24, 2020, Wyndham approved Jordan's request for a leave of absence pursuant to the FMLA.

36. While Jordan was on leave under the FMLA, her direct supervisor contacted her repeatedly about when she could return to work. With this frequent contact, Jordan felt pressured by management not to exercise her rights to take leave under the FMLA.

37. In addition, the frequent contact by her supervisor while on FMLA leave further exacerbated Jordan's mental and emotional distress.

***Jordan Reports Barnes' Sexual
Harassment and Wyndham Retaliates
Against Jordan***

38. While on leave, on or about September 28, 2020, Jordan reported Barnes' sexual harassment to Wyndham management.

39. Rather than taking the appropriate action to investigate Jordan's complaint against Barnes, Wyndham responded by swiftly retaliating against her.

40. On or about September 30, 2020, Wyndham accused Jordan of forging a DocuSign signature for a customer. Jordan denied the accusation and did no such thing.

41. Notably, Wyndham could not produce any evidence supporting its baseless accusation.

42. It is not a coincidence that the first time Jordan was ever accused of forging a client's signature was immediately after she reported a complaint of sexual harassment to her employer.

43. In fact, during her meeting with Human Resources and her Director regarding this accusation, they brought up her sexual harassment complaint, clearly evidencing Wyndham's retaliation against Jordan for filing a complaint against Barnes.

**Wyndham Wrongfully Terminates Jordan**

44. A few days later, on October 6, 2020, Wyndham terminated Jordan's employment.

45. Wyndham's termination of Jordan was on the same day she was approved to continue her FMLA leave through October 16, 2020.

46. In addition, when Wyndham terminated Jordan, she was in the process of applying for short-term and long-term disability.

**Wyndham Overtly Tolerated Inappropriate Behavior by Barnes and Took No Action to Remedy the Hostile Work Environment**

47. Upon information and belief, Jordan is not the first woman at Wyndham to be sexually harassed by Barnes.

48. Upon information and belief, Wyndham received prior complaints about Barnes' sexual misconduct while working at another location. Also, upon information and belief, this was part of the reason why Wyndham transferred Barnes to the Las Vegas office.

49. As detailed herein, Barnes sexual misconduct continued following his transfer to the Las Vegas office.

50. Upon information and belief, Wyndham terminated at least two other female employees in the Las Vegas office that Barnes sexually harassed.

51. Taken together, Wyndham overtly tolerated unlawful behavior by Barnes and took no action to remedy this hostile work environment.

*Jordan Suffered Mentally and Emotionally as a Result of Barnes' Conduct*

52. Jordan suffered significant mental and emotional distress due to the hostile work environment at Wyndham.

53. Jordan was extremely embarrassed when Barnes would make inappropriate and demeaning sexual comments to her in the workplace.

54. Jordan also experienced severe stress and anxiety when Barnes propositioned her for sex, did not relent when she refused, called her on her personal cell phone to proposition her again, retaliated against her for refusing his sexual advances by inappropriately monitoring her work and reporting her to management for a bogus improper practice for which she was subjected to unjustified discipline, and Wyndham retaliated against Jordan for filing a complaint against Barnes by immediately accusing her of a false accusation and wrongfully terminating her employment.

55. Jordan was forced to seek therapy for her severe and extreme emotional distress resulting from the conduct listed above, as well as from the hostile work environment, which ultimately led to Jordan's unfair termination.

## CAUSES OF ACTION

**COUNT I – Discrimination Based on Sex in Violation of Title VII and NRS § 613.330**

**(Defendant Wyndham)**

56. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

57. Jordan is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (female), including harassment of a sexual nature.

58. Wyndham is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Jordan with a work environment free from discrimination and harassment.

59. Wyndham refused to take reasonably adequate steps to prevent discrimination and harassment against Jordan.

60. Wyndham discriminated against Jordan and subjected her to harassment when she was subjected to verbal or physical conduct of a sexual nature at work and outside of work by, among other things, Barnes regularly telling Jordan that she had a "nice ass," Barnes constantly commenting on her look/dress appearance, Barnes telling Jordan he wanted her to see his "sausage" (referring to his genitals), and Barnes propositioning Jordan for sex.

61. The foregoing conduct was unwelcomed.

62. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Jordan's employment and create an abusive working environment.

63. Wyndham failed to remedy the foregoing conduct of which it knew or should have known.

64. No other similarly situated persons, not of Jordan's protected class, were subject to the same or substantially similar conduct.

65. Jordan has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

66. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Jordan, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Jordan's protected rights.

67. Due to Wyndham's violations of Title VII and NRS 613.340, Jordan was forced to bring this action and is entitled to recover her attorney's fees and costs.

68. Further, Wyndham violated Title VII and NRS 613.340 with an intent to injure Jordan or with a conscious disregard of her rights.

69. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Jordan to cruel and unjust hardship with a conscious disregard of her rights.

70. Jordan requests relief as described in the Prayer for Relief below.

## COUNT II – Retaliation in Violation of Title VII and NRS § 613.340

### (Defendant Wyndham)

71. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

72. Federal and state statutes, 42 U.S.C § 2000e-3 and NRS § 613.340, prohibit employers from retaliating against employees when engaging in protected activities.

73. Jordan engaged in a protected activity when she reported a complaint of Barnes' sexual harassment to Wyndham.

74. Wyndham, through its managers and directors, took materially adverse actions and otherwise retaliated against Jordan for participating in this protected activity when:

    a. Wyndham accused Jordan of forging a DocuSign signature for a customer, without any evidence to support the accusation, immediately after Jordan reported a complaint of sexual harassment; and

    b. Wyndham terminated Jordan.

75. The above listed materially adverse employment actions would deter a reasonable person from engaging in protected activity protected by Title VII and NRS § 613.340.

76. Wyndham failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

77. Wyndham's material adverse actions would not have occurred but for the retaliation.

78. Jordan has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

79. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Jordan, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Jordan's protected rights.

H1 Law Group
701 N. Green Valley Parkway, Suite 200
Henderson, Nevada 89074
Tel: 702-608-3720   Fax:



80. Due to Wyndham's violations of Title VII and NRS 613.340, Jordan was forced to bring this action and is entitled to recover her attorney's fees and costs.

81. Further, Wyndham violated Title VII and NRS 613.340 with an intent to injure Jordan or with a conscious disregard of her rights.

82. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Jordan to cruel and unjust hardship with a conscious disregard of her rights.

83. Jordan requests relief as described in the Prayer for Relief below.

**COUNT III – Violation of the FMLA**

**(Defendant Wyndham)**

84. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

85. Under the FMLA, Jordan was "entitled to a total of 12 workweeks of leave during any 12-month period." 29 U.S.C. § 2612(a)(1).

86. Two claims for recovery are available under the FMLA: an interference/denial of rights claim and a discrimination or retaliation claim.

87. For the first claim, the FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. 29 U.S.C. § 2615(a)(1).

88. For the second claim, an employer is further prohibited from discriminating or retaliating against an employee for having exercised or attempted to exercise any FMLA right. *Id.* § 2615(a)(2).

89. During Jordan's employment with Wyndham, Wyndham, by and through its agents and employees, interfered with, and retaliated against Jordan in the terms, conditions, and privileges of employment in various ways including violations of the FMLA.

90. Jordan was an eligible employee to take FMLA leave due to suffering from significant mental and emotional distress.

91. On or around June 24, 2020, Wyndham approved Jordan's request for a leave of absence pursuant to the FMLA.

92. While Jordan was on FMLA leave, Wyndham, through Jordan's direct supervisor, repeatedly contacted Jordan about when she could return to work, pressuring and discouraging Jordan from exercising her right to take FMLA leave. Such contact interfered with Jordan's rights to take unpaid leave from work in violation of the FMLA.

93. In addition, Wyndham retaliated against Jordan in violation of the FMLA by terminating Jordan for having exercised or attempted to exercise any FMLA right.

94. Wyndham intentionally, voluntarily, deliberately, and willfully interfered with Jordan's exercise of rights under the FMLA, and such actions were intentional, willful, malicious and/or done with reckless disregard for Jordan's protected rights.

95. Due to Wyndham's violations of the FMLA, Jordan was forced to bring this action and is entitled to recover her attorney's fees and costs.

96. Further, Wyndham violated the FMLA with an intent to injure Jordan or with a conscious disregard of her rights.

97. Wyndham's violations of the FMLA constitute despicable conduct that subjected Jordan to cruel and unjust hardship with a conscious disregard for her rights.

98. Jordan requests relief as described in the Prayer for Relief below.

### COUNT IV – Intentional Infliction of Emotional Distress
### (All Defendants)

99. Jordan incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

100. Defendants' conduct was extreme and outrageous in constantly subjecting Jordan to sexual harassment including, without limitation, Barnes making inappropriate sexual comments to Jordan, propositioning her for sex, and reporting Jordan for discipline as a punishment for refusing his sexual advances.

101. Defendants' conduct was further extreme and outrageous when they responded to Jordan's complaint against Barnes for sexual harassment by immediately accusing Jordan of a false accusation of forging a client's signature in retaliation for reporting a complaint and terminating her employment.

11

102. Defendants intended to cause emotional distress to Jordan or acted with reckless disregard of causing her emotional distress.

103. Jordan suffered severe or extreme emotional distress as a result of Defendants' conduct including, but not limited to, severe or extreme emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life.

104. Defendants violated Title VII with an intent to injure Jordan or with a conscious disregard of her rights or safety.

105. Defendants' acts also constitute despicable conduct that subjected Jordan to cruel and unjust hardship with a conscious disregard of her rights.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For damages, the full amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3. For attorneys' fees and costs as may be recoverable in connection with this suit; and,

4. For such other and further relief as this court deems just and equitable.

Dated this 21st day of December 2021.

H1 LAW GROUP

*/s/ Jill Garcia*
Jill Garcia, NV Bar No. 7805
jill@h1lawgroup.com
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

*Attorneys for Plaintiff*
*Christina Jordan*