UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Christina Jordan, *et al.*,

        Plaintiffs

  v.

Wyndham Vacation Ownership Inc., *et al.*,

        Defendants

Case No. 2:21-cv-02228-CDS-NJK

**Order Denying Defendants' Motion for Plaintiffs to File a Consolidated Complaint and Granting in Part Motion to Extend Time to Respond to Pleadings**

[ECF Nos. 18, 19]

Plaintiffs Christina Jordan, Renee Dean, and Wendy Regge each brought her own similar lawsuit against their former employer, Wyndham Vacation Ownership, Inc., and their Wyndham supervisor, Demetrius Barnes-Vaughn. All three plaintiffs bring claims for retaliation and intentional infliction of emotional distress, while Jordan and Regge seek relief for violations of the Family and Medical Leave Act. Regge also brings a claim under the Americans with Disabilities Act. "[B]ecause of the common questions of law and fact involved" in the three cases, the parties voluntarily stipulated to consolidate them into one. After the court granted the stipulation consolidating the cases, the parties realized that that their understandings of the nature and scope of the consolidation differ. The defendants contend that under the stipulation, the plaintiffs should consolidate their claims into a single complaint for efficiency, economy, and clarity. The plaintiffs protest that they never agreed to proceed under a single complaint and that the stipulated consolidation was primarily administrative in nature. In keeping with the long-established traditional interpretation of consolidation under Federal Rule of Civil Procedure (FRCP) 42, I construe the parties' stipulation to mean that the cases are consolidated for administrative

1   purposes only—including pretrial matters, like discovery. If the case should eventually go to trial,

2   the parties and the court will address at that time whether the plaintiffs' claims will be tried

3   together or separately. I order the plaintiffs to file copies of Dean and Regge's complaints in this

4   case within seven days of this order, and I order the defendants to file separate responsive pleadings

5   to each of the three complaints within 60 days of the plaintiffs' refiling of the other two complaints

6   so that this matter may proceed to be litigated.

7          I.          Relevant background

8          Jordan and Regge filed their lawsuits in December 2021, and Dean brought hers the

9   following month. Compl., ECF No. 1; Compl., ECF No. 1 in *Dean v. Wyndham*, Case No. 2:22-cv-00141-

10  GMN-NJK; Compl., ECF No. 1 in *Regge v. Wyndham*, Case No. 2:21-cv-02235-JCM-DCA. Defense

11  counsel, Kyle Hoyt, then asked the plaintiffs' attorney, Amy Howard, if she would be "amenable to

12  stipulating to consolidate" the three matters "since they are related[.]" Email Ex., ECF No. 18-4 at 5.

13  Howard agreed to stipulate to consolidation and asked Hoyt to prepare a stipulation. *Id.* at 4–5.

14  Hoyt did so, and Howard approved of the stipulation without making changes. *Id.* at 4. The parties

15  filed the stipulation to consolidate. ECF No. 14. The Honorable United States District Court Judges

16  Gloria M. Navarro and James C. Mahan signed an order granting the stipulation and consolidating

17  the three cases under the earliest-filed case, *Jordan v. Wyndham.* ECF No. 15. The stipulation states

18  that "[t]he [p]arties in the actions have conferred regarding consolidat[ion of] the claims of all

19  three actions and have agreed to consolidate the *Dean*, *Jordan*[,] and *Regge* [a]ctions because of the

20  common questions of law and fact involved." *Id.* at 2. The parties agreed in the stipulation that

21  consolidation was "for all proceedings going forward." *Id.*

22          Once the court granted the stipulation, Hoyt asked Howard if the plaintiffs would agree to

23  file a single amended complaint, merging the three plaintiffs' claims into one pleading. ECF No. 18-

24  4 at 3. Howard explained that the plaintiffs "stipulated to consolidate so that discovery can be

1  streamlined, and motions can be heard and decided in one courtroom to avoid conflicting rulings."

2  *Id.* She further noted that they "did not contemplate merging the three lawsuits into one" and

3  explained that the plaintiffs still expected the defendants' timely responses to all three complaints.

4  *Id.* Hoyt then indicated that the defendants would file a motion seeking entry of a consolidated

5  complaint. *Id.* at 2. The defendants now move for the plaintiffs to consolidate the three complaints

6  (ECF No. 18), a request that the plaintiffs oppose. ECF No. 20. The defendants also move for an

7  extension of time to respond to the plaintiffs' complaints, which the plaintiffs do not oppose.[1] Mot.

8  to Extend Time, ECF No. 19; Non-Opposition, ECF No. 21.

9       II.      **The parties' stipulation to consolidate is administrative in nature.**

10        The defendants insist that the "[p]laintiffs have changed their position" because they now

11  "assert[] that the stipulation was for 'discovery only' in contravention of the plain terms of the

12  stipulation and the [o]rder." ECF No. 18 at 2. The plaintiffs respond that "[e]ach case contains

13  unique factual allegations to support separate charges brought by each of the women" and explain

14  that "the women are also alleging causes of action against the [d]efendants that do not entirely

15  overlap." ECF No. 20 at 3. The plaintiffs clarify that they "agreed to consolidation at the suggestion

16  of [d]efendants for purposes of convenience, economy of administration[,] and discovery only" and

17  explain that "[t]he parties have not been able to reach an agreement as to the nature and the scope

18  of the consolidation ordered since realizing their error." *Id.* at 4. The plaintiffs rely on *Hall v. Hall*, a

19  recent U.S. Supreme Court decision that discusses the history of Rule 42 and consolidation as

20  traditionally understood by American courts. *Id.* at 5 (citing *Hall v. Hall*, 138 S.Ct. 1118 (2018)). The

21  defendants do not address *Hall* in their motion or reply brief. *See generally* ECF Nos. 18, 23.

22        In *Hall*, the Supreme Court addressed the issue of whether one of multiple cases that was

23  consolidated under Rule 42(a) is immediately appealable upon an order disposing of that case, even

24  
_____

[1] I find the defendants' motions suitable for disposition without oral argument. LR 78-1.

1  if another case remains ongoing. *Hall*, 138 S.Ct. at 1118. The Court discussed the history of the term

2  "consolidate," acknowledging that it has "a legal lineage stretching back at least to the first federal

3  consolidation statute, enacted by Congress in 1813." *Id.* at 1125 (citing Act of July 22, 1813, § 3, 3 Stat.

4  21 (later codified as Rev. Stat. § 921 and 28 U.S.C. § 734 (1934 ed.))). That statute "remained in force

5  for 125 years, until its replacement by Rule 42(a)." *Id.* "And just five years before Rule 42(a) became

6  law, [the Supreme Court] reiterated that, under the consolidation statute, consolidation did not

7  result in the merger of constituent cases." *Id.* (citing *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496–97

8  (1933)). When Rule 42(a) was adopted, it "was expressly modeled on its statutory predecessor"

9  and because it did not define the term "consolidate," "the term presumably carried forward the

10  same meaning [the Court] had ascribed to it under the consolidation statute for 125 years[] and had

11  just recently reaffirmed in *Johnson*." *Id.* at 1128. "No sensible draftsman," the Court reasoned, "let

12  alone a Federal Rules Advisory Committee, would take a term that had meant, for more than a

13  century, that separate actions do not merge into one, and silently and abruptly reimagine the same

14  term to mean that they do." *Id.* at 1130.

15      Relying on this history, the *Hall* Court held that "one of multiple cases consolidated

16  under . . . Rule [42(a)] retains its independent character, at least to the extent [that] it is appealable

17  when finally resolved, regardless of any ongoing proceedings in other cases." *Id.* The Court looked

18  to treatises for guidance as well, referencing one recognizing "that consolidated cases should

19  'remain separate as to parties, pleadings, and judgment.'" *Id.* at 1128 (quoting W. Simkins, Federal

20  Practice 63 (rev. ed. 1923)). In sum, the Court acknowledged that courts "enjoy substantial

21  discretion" in this area and may "consolidate cases for 'all purposes' in appropriate circumstances."

22  *Id.* at 1131 (citing 9A Wright & Miller § 2383 (collecting cases)). But the Court stressed that the

23  traditional understanding of consolidation is that "consolidation does not merge [] suits; it is a

24

1  mere matter of convenience in administration, to keep them in step. They remain as independent as

2  before." *Id.* at 1127 (quoting *Johnson v. Manhattan R. Co.*, 61 F.2d 934, 936 (2d Cir. 1932)).

3         Here, the parties stipulated to consolidate the three cases without defining which type of

4  consolidation was intended. ECF No. 14. As a remedy to this confusion, the defendants seek an

5  order directing the plaintiffs to file a single consolidated complaint, containing all three plaintiffs'

6  claims. ECF No. 18. While courts have the discretion to order the filing of a single consolidated

7  complaint, they are not required to do so. *See* Fed. R. Civ. P. 42(a)(3) (providing that "[i]f actions

8  before the court involve a common question of law or fact, the court may . . . issue any other orders

9  to avoid unnecessary cost or delay."); LR 42-1 (noticing the court on related cases; consolidation of

10  cases). The robust history of Rule 42 indicates that consolidation is typically used for

11  administrative and convenience purposes, not to combine different parties' causes of action. *Hall*,

12  138 S.Ct. at 1128. Because the parties' views differ about the scope of their stipulation, I look to the

13  Supreme Court's discussion in *Hall* and the longstanding history of consolidation, which indicates

14  that courts understand "consolidation not as completely merging the constituent cases into one,

15  but instead as enabling more efficient case management while preserving the distinct identities of

16  the cases and the rights of the separate parties in them." *Id.*

17         Without accord from the parties, I construe their stipulation as an agreement to consolidate

18  Jordan, Dean, and Regge's cases into one for administrative purposes only—including pretrial

19  matters, like discovery. This will save the parties and the court valuable time and resources, as the

20  fruits of discovery—to the extent that they overlap with the facts of each plaintiff's claims—can be

21  shared within this consolidated case, rather than needlessly repeated. Although the cases are

22  consolidated, all parties will retain their individual rights, as if the cases were proceeding

23  individually. This interpretation is consistent with the historical meaning of consolidation and

24  ensures that the "actions do not lose their separate identity because of consolidation." *Hall*, 138 S.Ct.

1   at 1130 (quoting *Bank Markazi v. Peterson*, 578 U.S. 212, 233 (2016) (citation omitted)). If the claims

2   remain unresolved before trial, we will revisit at that time whether each plaintiff's claims will be

3   tried together or separately. I order the plaintiffs to file Dean's and Regge's complaints in this case's

4   docket within seven days of this order, so that all of the operative complaints are individually

5   docketed in the now-consolidated case. And I grant in part the defendants' request for additional

6   time to respond to the pleadings, allowing them 60 days from the plaintiffs' re-filing of the other

7   two complaints to respond to all three complaints.

8           **III.**       **Conclusion**

9           IT IS THEREFORE ORDERED that the defendants' motion for the plaintiffs to file a

10   consolidated complaint **[ECF No. 18] is DENIED**.

11           IT IS FURTHER ORDERED that plaintiffs **Dean and Regge must electronically file**

12   **copies of their complaints** from member cases 2:21-cv-02235-JCM-DJA and 2:22-cv-00141-GMN-

13   NJK in this case's docket **within seven days** of this order. They are advised to file them as "notices,"

14   rather than as "complaints," to avoid incurring additional filing charges. And they must comply

15   with all of this district's local rules, including Local Rule IA 10-1(b), which requires that all

16   documents be filed in a **searchable PDF format**, not merely as scans.

17           IT IS FURTHER ORDERED that the defendants' motion to extend time to respond to the

18   pleadings **[ECF No. 19] is GRANTED in part and denied in part**. **The defendants must file their**

19   **separate responses to the plaintiffs' three complaints within 60 days** of the plaintiffs' refiling of

20   the other two complaints. The plaintiffs will then file their replies according to the typical briefing

21   schedule.

22           DATED: October 4, 2022.

23

24                                       _____

                                            Cristina D. Silva
                                            United States District Judge