UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA JORDAN,<br><br>  Plaintiff(s),<br><br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>  Defendant(s). | Case No. 2:21-cv-02228-CDS-NJK<br><br>**ORDER**<br><br>[Docket Nos. 54, 55, 56] |

Pending before the Court are Plaintiffs' motions for leave to amend. Docket Nos. 54, 55, 56 19. Defendants filed responses in opposition. Docket Nos. 62, 63, 64. The Court does not require replies or a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions for leave to amend are **GRANTED**.[1]

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the

---

[1] It is within a magistrate judge's authority to grant leave to amend. *Vandehey v. Real Soc. Dynamics, Inc.*, No. 2:17-cv-02230-JAD-NJK, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

1

complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Defendants have not met their burden of showing that the amendment should be disallowed. Defendants oppose leave to amend on futility grounds. *See* Docket Nos. 62, 63, 64. Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood v. O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 346-47 (D. Nev. 2022). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court has not been given sufficient reason to chart a different course in this case.

Accordingly, the motions for leave to amend are **GRANTED**. Plaintiffs must promptly file the proposed amended complaints on the docket and serve them. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: April 10, 2023

_____
Nancy J. Koppe
United States Magistrate Judge