1 | Kirsten A. Milton
Nevada State Bar No. 14401
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Fax: (702) 921-2461
kirsten.milton@jacksonlewis.com

Kathleen C. Shea
Florida State Bar No. 0102837
**JACKSON LEWIS P.C.**
390 N. Orange Avenue, Suite 1285
Orlando Florida 32801
Tel:  (407) 246-8404
Fax:  (407) 246-8441
kathleen.shea@jacksonlewis.com
*Appearing Pro Hac Vice*

Attorneys for Defendants
*Wyndham Vacation Ownership, Inc.*
*and Demetrius Barnes-Vaughn*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTINA JORDAN,<br>        Plaintiff,<br>   vs.<br>WYNDHAM VACATION OWNERSHIP, INC., a Nevada corporation; DEMETRIUS BARNES, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive<br>        Defendants. | **Consolidated for Discovery**<br>**Case No. 2:21-cv-02228-CDS-NJK**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' (1) MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF WENDY REGGE; AND (2) MOTION TO CONTINUE REBUTTAL EXPERT DISCLOSURE DEADLINE** |
| WENDY REGGE,<br>        Plaintiff,<br>   vs.<br>WYNDHAM VACATION OWNERSHIP, INC., *et al.*,<br>        Defendants. | Case No. 2:21-cv-02235-JCM-EJY |
| RENEE DEAN,<br>        Plaintiff,<br>   vs.<br>WYNDHAM VACATION OWNERSHIP, INC., *et al.*,<br>        Defendants. | Case No. 2:22-cv-00141-GMN-NJK |

Defendant Wyndham Vacation Ownership, Inc. ("Wyndham") and Defendant Demetrius Barnes-Vaughn ("Barnes-Vaughn" collectively referred to as "Defendants"), submit the following Memorandum of Law in support of its (1) Motion to Compel Mental Examination of Plaintiff Wendy Regge ("Motion to Compel") [ECF No. 99], and (2) Motion to Continue Rebuttal Expert Disclosure Deadline ("Motion to Continue") [ECF No. 97] (together, the "Motions"). Defendants' Reply is based on the following Memorandum and Points of Authorities and exhibit attached hereto, all pleadings and documents on file with the Court, and any oral argument that the Court entertains.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I. Summary Of Plaintiff's Arguments.

Plaintiff's combined oppositions to the motions ignore the key issues in this case, take unsupported and gratuitous swipes at Defendants and do not raise credible arguments to deny Defendants' Motions.

If the Court boils down Plaintiff's opposition and cuts through the noise, Plaintiff makes essentially three arguments. First, Plaintiff argues Defendants could have retained an expert before Plaintiff disclosed her expert report and produced 2,600 pages of medical records on the date of the expert deadline simply because Plaintiff alleged emotional distress in her complaint and could have requested a Fed. R. Civ. P. 35 exam at any time. [ECF No. 100]. Such an argument defies logic and would effectively mean anytime a plaintiff files a complaint against her employer and seeks emotional distress damages (damages that are plead in most employment cases), a defendant is on notice to retain an expert witness and conduct a Rule 35 exam. Second, she characterizes Defendants' request as a "misguided rebuttal expert strategy" and states in her opinion, Defendants should have requested an extension of the Parties' *initial* expert disclosure deadline of July 12, 2023 rather than wait until Defendants saw Plaintiff's expert report and determined a rebuttal expert was necessary. *Id*. Last, Plaintiff alleges the Court should not grant Defendants' request for a Rule 35 exam, not because her medical and psychiatric condition is not at issue but rather because in Plaintiff's view, Defendants' chosen clinician is not a "proper rebuttal witness." *Id*.

None of these arguments are supported, persuasive, or sensical. Instead, what is obvious, is that Plaintiff Regge does not want to be examined and wants to deny Defendants the full and fair opportunity to defend themselves against outlandish and frivolous claims. The Federal Rules of Civil Procedure do not support this "gotcha style" litigation and instead, favor litigation on the merits after giving all due process and the opportunity to obtain discovery regarding relevant issues. As explained below, Plaintiff was not forthcoming in the opposition, ignored or omitted significant details, such as her refusal to execute medical authorizations, her refusal to produce any medical records until the date on which Defendants' initial expert disclosures were due despite having many of them for months, her decision to serve Defendants with thousands of pages of medical records the same day the Parties' initial expert disclosures were due, and her identification in her initial expert disclosure of an additional 12 treating physicians, some of whom were going to testify that Plaintiff's psychiatric conditions, including her alcoholism, were *caused* by Defendants.

There is no question that Defendants have shown that Plaintiff should undergo a Rule 35 exam given the facts of Plaintiff's Regge's claims and her initial expert report. Instead of addressing the merits of that issue, which is really the only critical issue before the Court, Plaintiff spends much of her Opposition addressing whether Defendants' expert retained to conduct the examination should have been an "initial" expert or can be a "rebuttal" expert. The argument is a red herring and not relevant here. The discovery plan required the parties to disclose experts simultaneously. Defendants had no notice that she would allege her significant emotional and psychiatric issues were caused by Wyndham. Until Plaintiff's initial expert disclosure when she produced 2,600 pages of documents and an expert disclosure with 12 additional treating physicians who were never identified in discovery as treating physicians, many of whom despite their treating designation would allegedly testify that Defendants caused Plaintiff's injuries, Defendants would have no idea whether they needed an expert, what type of expert, and whether they would require a Rule 35 examination. While Defendants appreciate Plaintiff's suggestion for how to litigate an employment discrimination case, Defendants did not retain an expensive expert or engage the Court until it had obtained the testimony of the Plaintiff, had the opportunity to review Plaintiff's medical records and review the expert(s) retained by the Plaintiff. Plaintiff argues Defendants should be denied their

due process to defend against this case because they should have foreseen the need for a Rule 35 exam and an expert. Whether a defendant could "foresee" the need for an expert, however, is not the standard in federal court to determine whether Defendants are entitled to Rule 35 exam or whether an expert is appropriately deemed a rebuttal expert. The Court set a deadline to provide rebuttal experts and Defendants are seeking to rebut the information that it learned, for the first time, when Plaintiff served her initial expert disclosure. The rules allow for the Rule 35 exam, the court's order allows for the exam, and the rebuttal disclosure and due process demands it.

## II.     Plaintiff's Opposition Omits Significant Facts.

Plaintiff's Opposition mischaracterizes much of the relevant procedural and factual background and ignores her own dilatory discovery tactics requiring this inconvenience to the Court. While Defendants will spare the Court every detail, it will identify those facts which must be highlighted for the Court to determine the issues before it. First, Plaintiff refused to sign releases to allow Defendants to subpoena her medical records. Plaintiff objected to executing a medical authorization that would have allowed Defendants to obtain Plaintiff's medical records. [ECF No. 99]. Defendants prepared revised authorization for Plaintiff in an effort to address Plaintiff's objections. Plaintiff told Defendants she would be producing the records. Given that this process is highly unusual, Plaintiff's counsel stated she would ask Plaintiff to execute the medical authorization and would provide it to Defendants *after July 12, 2023,* if, after reviewing Plaintiff's medical records, Defendants felt that Plaintiff's medical records were incomplete. Defendants were reluctant but agreed to this arrangement to avoid further delays and unnecessary motion practice. Defendants knew that since they did not have the medical records before the July 12, 2023 deadline, or Plaintiff's expert disclosure, that they would need an extension of the rebuttal expert deadline so Defendants could "rebut" Plaintiff's expert disclosure. Plaintiff's counsel agreed. Plaintiff's argument that Defendants should have moved to compel Plaintiff to sign medical records authorizations she refused to sign instead of working collaboratively and cooperatively with her is specious.

Second, Plaintiff clearly intended to sandbag Defendants by producing **2,600 pages** of medical records the *same day* she served her initial expert disclosure. Plaintiff admits she had the

records before that date but did not produce them. [ECF No. 100]. Under Fed. R. Civ. P. 26(e)(1)(A), Plaintiff has an obligation to supplement her discovery responses "***in a timely manner*** if [she] learns that in some material respect [her] response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Yet Plaintiff failed to produce *any* medical records in April when she responded to Wyndham's Request for Production and did not produce any of the subsequently obtained medical records until July 12, 2023, the very day the Parties' initial expert disclosures were due. Plaintiff has not explained or even addressed why she waited until July to disclose key medical records to Defendants or identify additional treating physicians who would now testify that Wyndham caused Plaintiff's psychological conditions.

Third, Plaintiff's portrayal of the sufficiency of her Answers to Wyndham's First Set of Interrogatories and First Supplement to Initial Disclosure is woefully inaccurate. Prior to July 12, 2023, Plaintiff only disclosed six individual health care providers who she claimed had discoverable information regarding the facts, circumstances, and reasonableness and necessity of Plaintiff's treatment. [ECF No. 99-1, 99-3]. Not one of these treating providers were designated as witnesses that would opine that Defendants caused her severe emotional distress. When Plaintiff served her initial expert disclosure three months later, it included ***12 new individual treating providers*** who were not identified in any of Plaintiff's prior discovery responses. Plaintiff's argument does not address how Defendants could have possibly been on notice prior to July 12, 2023, that Plaintiff would disclose 16 treating providers – 12 of whom had not been disclosed in any discovery responses or any medical records – and many of whom would testify that Defendants' actions caused or contributed to her injuries.

Fourth, Plaintiff's actions delayed the depositions in this case. Defendants promptly reviewed Plaintiff's 2,600 pages of medical records and scheduled her deposition for September 13, 2023. [ECF No. 99]. As explained in Defendants' Motion to Compel, Defendants, through no fault of their own, were unable to conclude Plaintiff's deposition until October 25, 2023 due to the unavailability of Plaintiff and her counsel. *Id*. Defendants then immediately requested Plaintiff undergo a Rule 35 exam and provided Plaintiff with a draft stipulation on October 27, 2023. While

Plaintiff claims that Defendants could have requested a Rule 35 exam before July 12, 2023, Defendants' expert should be allowed to consider Plaintiff's deposition testimony when preparing her report, particularly because Plaintiff is claiming $250,000 in emotional distress damages.

Fifth, Defendants were not aware that Plaintiff would object to a Rule 35 exam, and quite frankly could not imagine she would given the nature of this case, until November 3, 2023. (**Exhibit 1**, Shea Decl. at ¶ 4). When the Parties submitted their stipulation to extend discovery deadlines in October 2023, Plaintiff merely stated that she reserved the right to object to the content and scope of the Defendants' proposed rebuttal expert report and request for examination, not that she did not object. [ECF No. 96].

### III. Plaintiff's Argument about "Good Cause" Conflates Standards and Makes No Sense.

Plaintiff has conflated the issues regarding whether good cause exists to warrant a Rule 35 exam of Plaintiff with whether good cause exists for an extension of the Rebuttal Expert deadline. As set forth in the Motion to Compel, Defendants have demonstrated good cause for a Rule 35 exam because Plaintiff alleges intentional infliction of emotional distress, has made a claim for severe emotional distress, and disclosed 16 treating providers outlining extreme psychiatric conditions outside the normal garden variety distress, many of whom Defendants learned for the first time on July 12th will say that Wyndham caused those extreme conditions. [ECF No. 99]. In response, Plaintiff claims that good cause does not exist to allow Defendants to conduct a Rule 35 exam because it will be "conducted by a rebuttal expert witness whose opinions will exceed the proper purview of a rebuttal report." [ECF No. 100]. That is not a valid objection to a Rule 35 exam. Plaintiff fails to address the merits as to whether an *exam* is appropriate under Rule 35 and instead focuses on her opinion about whether Dr. Lippert is a "rebuttal" expert or could have been in initial expert. At this stage, Defendants are not required to identify how a medical examination would rebut the opinions of Plaintiff's treating providers under Rule 26. Rather, Defendants request this Court to order Plaintiff to undergo a mental exam pursuant Rule 35 because Plaintiff has placed her mental condition in controversy and good cause exists for the examination.

Defendants have also established good cause for the Motion to Continue rebuttal expert disclosure deadline. The only reason Defendants need the extension is because Plaintiff surprisingly and unexpectedly decided to object to a Rule 35 exam. Had Plaintiff not objected to the examination, Defendants would not have needed the extension. Defendants should be permitted to have the Court to rule on the merits of its Motion to Compel.

### IV.     Plaintiff Will Not Suffer Any Prejudice.

Plaintiff alleges that she will be prejudiced if ordered to undergo a Rule 35 exam because Defendants' proposed expert will "articulate new theories regarding the 'nature, extent and cause of any mental and/or emotional injury of plaintiff.'" [ECF No. 100]. This conclusory statement about a report that does not yet exist is not supported by any evidence. Additionally, discovery does not close until January 10, 2024[1] and the Court has not yet set a trial date. Plaintiff will have an opportunity to depose Defendants' expert, which will eliminate any surprise or prejudice she claims to have suffered. *See Amos v. Makita U.S.A., Inc.*, Case No. 2:09-cv-01304-GMN-RJJ, U.S. Dist. LEXIS 158103 at *12 (D. Nev. Jan. 6, 2011) (holding that exclusion of rebuttal expert witness not appropriate where plaintiff had time to depose expert before trial).  What Plaintiff really means is that she does not want Defendants to have a full and fair opportunity to have an expert rebut the outlandish allegations in her initial expert disclosure that her employment with Wyndham could have possibly caused the kind of serious psychiatric issues she suffered well before she worked for Wyndham and well after.

### V.     Defendants Should Be Afforded Due Process To Defend Their Case.

It is abundantly clear from Plaintiff's Opposition that she has chosen to engage in "gotcha" litigation tactics rather than address the merits of the case. This is not your typical employment discrimination claim. Plaintiff Regge is making extremely serious allegations not only against Wyndham but against a current employee who has never been sued and is navigating the world of litigation for the first time. Due process requires allowing Defendants to conduct a Rule 35 examination and issue a report to rebut Plaintiff's July 12, 2023 expert report and to allow Plaintiff to introduce unrebutted evidence of damages on a perceived technicality – i.e., Defendants' alleged

---

[1] The Parties intend to submit a stipulation to the Court to extend this deadline to February 2024.

failure to designate its Rule 35 examiner as an initial expert rather than a rebuttal expert – goes against all rules of justice.

**VI.     Conclusion.**

For all the reasons discussed above and in Defendants' opening Memorandum of Law, Defendants respectfully request the Court grant its (1) Motion to Compel Mental Examination of Plaintiff Wendy Regge ("Motion to Compel") [ECF No. 99], and (2) Motion to Continue Rebuttal Expert Disclosure Deadline ("Motion to Continue") [ECF No. 97] and any other relief the Court deems appropriate.

Dated this 1st day of December, 2023.

JACKSON LEWIS P.C.

*/s/Kirsten A. Milton*
Kirsten A. Milton, NV State Bar No. 14401
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

Katheen C. Shea, FL State Bar No. 0102837
390 N. Orange Avenue, Ste. 1285
Orlando, Florida 32801
*Appearing Pro Hac Vice*

Attorneys for Defendants
*Wyndham Vacation Ownership, Inc.
and Demetrius Barnes-Vaughn*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee Jackson Lewis P.C. and that on this 1st day of December, 2023, I caused to be sent via ECF filing, a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' (1) MOTION TO COMPEL MENTAL EXAMINATION OF PLAINTIFF WENDY REGGE; AND (2) MOTION TO CONTINUE REBUTTAL EXPERT DISCLOSURE DEADLINE** properly addressed to the following:

Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Kelly B. Stout, NV Bar No. 12105
kstout@hone.law
Hone Law
701 N. Green Valley Parkway
Suite 200
Henderson, NV 89074
Telephone: 702-608-3720
Fax: 702-608-7814

*Attorneys for Plaintiffs*

                                                       */s/ Kirsten A. Milton*
                                                     Employee of Jackson Lewis P.C.

4863-0037-0836, v. 1