UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINA JORDAN,<br><br>    Plaintiff(s),<br><br>v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-02228-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 97, 99] |

Pending before the Court is Defendants' motion to extend case management deadlines. Docket No. 97. Also pending before the Court is Defendants' motion to compel Plaintiff Regge to undergo a psychological examination. Docket No. 99. Plaintiff Regge filed a response. Docket No. 100.[1] Defendants filed a reply. Docket No. 101. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to extend and the motion to compel are both **GRANTED**.

**I.  BACKGROUND**

This is a consolidated action in which several plaintiffs brought suit for sexual harassment. *See Regge v. Wyndham Vacation Ownership, Inc.*, No. 2:21-cv-02235-JCM-DJA, Docket No. 1 (D. Nev. Dec. 22, 2021). Plaintiff Regge alleged "severe mental and emotional distress," *e.g.*, *id.* at ¶ 36, and sought to recover damages on that basis, *e.g.*, *id.* at ¶ 66. The allegations of emotional distress and the accompanying requests for damages are reflected in the disclosures and discovery responses from Plaintiff Regge. *See, e.g.*, Docket No. 99-3.

On July 12, 2023, Plaintiff Regge served expert disclosures, along with a couple thousand pages of new documents, which prompted the parties to seek (and obtain) an extension to the

---

[1] The Court ordered the response to be filed by November 30, 2023. Docket No. 98. Plaintiff Regge filed the response at 10:40 a.m. on December 1, 2023. While the Court will exercise its discretion to consider the late filing in this instance, Plaintiff Regge and her counsel are cautioned that they must strictly comply with deadlines moving forward.

1

rebuttal expert deadline. Docket No. 89 at 8. Plaintiff Regge's deposition was started on September 13, 2023, but it did not conclude until October 25, 2023. *See* Docket No. 99 at 8. On October 25, 2023, defense counsel indicated that Defendants would request a psychological examination of Plaintiff Regge. Docket No. 100-1 at ¶ 10. On October 27, 2023, defense counsel circulated a draft stipulation for the psychological examination. Docket No. 99-7. On November 1, 2023, counsel engaged in a telephonic conference addressing this subject, among others. Docket No. 100-1 at ¶ 11. On November 3, 2023, Plaintiff Regge objected to the psychological examination. Docket No. 100-6 at 6. On November 6, 2023, counsel engaged in further telephonic conferral efforts. Docket No. 100-1 at ¶ 12. On November 10, 2023, counsel exchanged further conferral communications on the issue. Docket No. 100-6 at 2-3. On November 22, 2023, Defendants filed the instant motion to extend case management deadlines. Docket No. 97. Following the Thanksgiving holiday, on November 27, 2023, Defendants filed the instant motion to compel the psychological examination. Docket No. 99. The rebuttal expert disclosure deadline is currently set for December 13, 2023. Docket No. 96 at 10.

## II.    STANDARDS

### A.    Modification of Case Management Deadlines

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022) (citing *Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010)).

### B.    Rule 35 Psychological Examination

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, a psychological examination is appropriately ordered when the plaintiff's mental health is in controversy and good cause exists. Fed. R. Civ. P. 35(a). A plaintiff's mental health may be found to be in controversy based on "one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional

distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a)." *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). Good cause for an examination may be found based on a showing "that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case," including considerations such as "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff is claiming ongoing emotional distress." *Gurshin v. Bank of Am., N.A.*, 2016 WL 384929, at *2 (D. Nev. Jan. 27, 2016) (citations and internal quotations omitted).

### III.    ANALYSIS

Defendants argue that they should be permitted an extension of the rebuttal expert deadline and that Plaintiff Regge's psychological examination should be compelled. *See* Docket Nos. 97, 99. Defendants argue that Plaintiff Regge's psychological condition is plainly in controversy, *see, e.g.*, Docket No. 99 at 9-11, and that they promptly sought her examination upon, *inter alia*, reviewing her expert disclosures and accompanying medical records, and taking her deposition, *see, e.g.*, *id.* at 2-3, 12; *see also* Docket No. 97. Defendants contend that any dispute as to the "rebuttal" nature of the forthcoming expert opinion is premature. *See* Docket No. 99 at 12. Plaintiff Regge counters that her psychological condition has been at issue since she filed suit, such that Defendants were required to seek her examination prior to the initial expert disclosure deadline, and that any forthcoming defense expert report is not really a "rebuttal." *See, e.g.*, Docket No. 100 at 13-17.[2] Defendants have the better arguments.

---

[2] Plaintiff Regge raises a host of arguments, including that Defendants' motion should be denied for a technical violation of the local rules, Docket No. 100 at 13, she will be prejudiced by extension of the rebuttal expert deadline, *id.* at 19, and that the Court should exercise its discretion to deny the psychological examination despite the Rule 35 requirements having been otherwise satisfied, *id*. The Court has considered all arguments presented, but declines to address them all explicitly. *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099 (D. Nev. 2022). Any argument not addressed herein has been rejected to the extent it is inconsistent with the outcome of the order.

Although not cited by the parties, the circumstances and arguments presented in this case largely mimic those at issue in *Leeper v. City of Tacoma*, 2021 WL 633635, at *2-3 (W.D. Wash. Jan. 21, 2021). In that case, the complaint alleged severe mental distress from alleged sexual harassment and assault, the defendant sought a Rule 35 psychological examination after the initial expert disclosure deadline, and the plaintiff argued that any forthcoming expert report would not be a true "rebuttal." *Id.* The court held that the complaint clearly put Plaintiff's psychological condition at issue, *see id.* at *2, but still found that sufficient justification existed to extend the rebuttal deadline and for the psychological examination. In particular, the court noted that the Rule 35 examination would have taken place before the rebuttal deadline had no objection been lodged, *id.*, and that a 30-day extension of that deadline was warranted, *id.* at *3. The Court also rejected as premature the argument that a Rule 35 examination was unwarranted on the basis that any related "rebuttal" report was really "a case-in-chief expert opinion masquerading as a rebuttal." *Id.* at *3. Given the circumstances, the court extended the rebuttal expert deadline and granted the motion to compel the psychological examination. *Id.*

Judge Christel's decision in *Leeper* provides guidance in this case. First, extension of the rebuttal expert deadline is warranted. In this case, Plaintiff Regge served expert disclosures and accompanying documents on July 12, 2023, and her deposition was not completed until October 25, 2023, although it began on September 13, 2023. On October 25, 2023, Defendants promptly requested a psychological examination, then engaged in conferral efforts, and sought relief from the Court. But for Plaintiff Regge's objection to the psychological examination, and the ensuing conferral process, it appears that no extension would have been needed of the rebuttal expert disclosure deadline currently set for December 13, 2023.[3] The record suffices to establish good

---

[3] The conferral process is not meant to create a mechanism by which to avoid one's discovery obligations. *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 4701192, at *2 (D. Nev. Aug. 30, 2013). Indeed, the case law in this District makes clear that a party may in appropriate circumstances compel discovery that was timely sought even though the subject discovery deadline has since expired. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999); *see also Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 n.7 (D. Nev. 2020). In granting the motion to extend, the Court is effectively putting Defendants back into the same position they would have been with respect to timing had Plaintiff Regge not objected to the psychological examination.

cause for an extension. Accordingly, the motion to extend case management deadlines will be granted, and deadlines will be reset as stated below.

Second, sufficient justification exists for a psychological examination. There is no meaningful dispute that Plaintiff Regge's mental condition is in controversy. Moreover, the Court is unpersuaded by Plaintiff Regge's contention that good cause for a psychological examination is lacking because any defense expert opinion is not properly characterized as a "rebuttal." It is premature to decide whether a forthcoming expert opinion is properly characterized as a "rebuttal" and, if not, what consequences (if any) will flow from any mischaracterization on that front.[4] Accordingly, the motion to compel the psychological examination will be granted as stated below.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions to extend and to compel Plaintiff Regge's psychological examination are both **GRANTED**. Counsel must immediately confer on a date for the psychological examination, which must take place no later than January 5, 2024. In addition, the case management deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: January 22, 2024
- Discovery cutoff: February 21, 2024
- Dispositive motions: March 22, 2024
- Joint pretrial order: April 22, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 5, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] To be clear, the Court does not take the view that any dispute as to the forthcoming report must await a decision until trial is imminent. To the contrary, prompt presentation of any such dispute may enable remedial measures to be ordered if the report is in fact found to have been untimely disclosed. *Cf. Lucas v. MGM Resorts Int'l*, 2023 WL 1785655, at *3 (D. Nev. Jan. 24, 2023). For purposes of this order, however, the Court expresses no opinion as to whether any such report is a proper "rebuttal" and, if not, the consequences (if any) that will follow.